**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    NO.   28,465


**BRANDAN GARCIA, a/k/a BRANDON GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**J. Michael Kavanaugh, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant Brandon Garcia appeals the denial of his motion to suppress evidence which he argues resulted from an illegal stop.  Garcia entered a conditional

guilty plea to the charge of DWI, but preserved the issue of lack of individualized suspicion to justify the initial contact. We reverse Garcia's conviction, holding that his motion to suppress evidence should have been granted.

**BACKGROUND**

In the early morning of May 7, 2006, the Albuquerque police department "Party Patrol" (APD) was dispatched to a hotel to investigate an underage party involving alcohol. As officers drove around the hotel attempting to determine the particular room where a party may be occurring, they noticed several vehicles turn on their headlights and begin to leave, along with seemingly underage persons running to cars. Officers engaged their emergency lights and "closed them in."

APD officer Orlando Camacho observed a blue Chevy pickup pull out of a parking space and head west through the parking lot. Camacho stopped the vehicle and approached its driver, Brandon Garcia. While Camacho questioned Garcia about the party, he detected an odor of alcohol and observed that Garcia's eyes were watery and bloodshot. In response to Camacho's inquiry, Garcia admitted to having consumed two beers. After further investigation Garcia was ultimately arrested and charged with DWI.

The issue on appeal is whether there was a reasonable suspicion, particularized as to Garcia which justified the stop. The district court concluded that reasonable and

particularized suspicion existed based on a totality of the circumstances which can be summarized as follows: (1) the basis for the dispatch, (2) Camacho's testimony concerning typical patterns of flight at underage parties, and (3) the fact that Garcia's vehicle was leaving at the same time as others in an area where seemingly underage persons were running to vehicles. We reverse, concluding that these facts did not amount to individualized, particularized suspicion as to Garcia which would have justified the stop.

**STANDARD OF REVIEW**

"A motion to suppress evidence involves a mixed question of fact and law." *State v. Rivas*, 2007-NMCA-020, ¶ 5, 141 N.M. 87, 150 P.3d 1037 (filed 2006). With regard to the factual question, we review for substantial evidence "in a light most favorable to the prevailing party." *Id.* (internal quotation marks and citation omitted). The ultimate determination of reasonable suspicion however, is a legal question reviewed de novo. *State v. Eli L.*, 1997-NMCA-109, ¶ 6, 124 N.M. 205, 947 P.2d 162. Defendant has not argued on appeal that the New Mexico Constitution affords him greater protection than that afforded under the United States Constitution, and therefore we review his claim only under the Fourth Amendment. *State v. Jason L.*, 2000-NMSC-018, ¶ 9, 129 N.M. 119, 2 P.3d 856.

3

**DISCUSSION**

"The right of individuals to be free from unreasonable searches or seizures, including police stops and investigative detention is grounded upon constitutional protections contained in the Fourth Amendment to the United States Constitution." *State v. Jones*, 114 N.M. 147, 149, 835 P.2d 863, 865 (Ct. App. 1992) (internal quotation marks and citation omitted). Whether or not a brief investigatory detention violated the Fourth Amendment is judged on a case by case basis balancing the degree of intrusion against the interests of the government. *Id.* at 150, 835 P.2d at 866. "Investigatory detention is permissible when there is a reasonable and articulable suspicion that the law is being or has been broken." *Jason L.*, 2000-NMSC-018, ¶ 20 (internal quotation marks and citation omitted). "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law." *Id.*

The facts of this case are on the borderline of what is required by our Fourth Amendment jurisprudence to add up to individualized suspicion. After careful review, accepting the evidence in a light favorable to the State, we are unpersuaded that the facts known by APD prior to Mr. Garcia's detention reached the legal mark required for individualized suspicion justifying the stop. The State argues that Mr. Garcia's act of leaving the parking lot at the exact time that other suspected underage party-goers

4

were leaving is sufficient particularized suspicion. We disagree, noting that the raid occurred at a public hotel, where otherwise lawful activity amongst motorists and the general public is commonplace.

The State's articulation of reasonable suspicion relies heavily, if not completely, on suspicion by mere association or proximity which we have consistently rejected as grounds for particularized suspicion. For example, our Supreme Court rejected mere association with a gang or gang-members as too generalized absent facts connecting the individual to a particular crime or crimes. *Jones*, 114 N.M. at 151, 835 P.2d at 867. In *Jones* the defendant was searched because he was dressed in gang-attire and walking down the street with a known gang member. *Id.* Even accepting the officer's testimony that gang members are at any given time possibly engaged in illegal activity, the court held that any suspicion raised under these facts was too generalized absent something connecting the individual defendant to a particular crime or crimes. *Id.* The court stated that "[t]he officers had no articulable facts that would set defendant apart from an innocent gang pedestrian in the same area," and concluded that "the officers' initial stop of defendant was illegal." *Id.*

Similarly, in *Eli L.*, the police were dispatched to a school to investigate illegal gang activity. 1997-NMCA-109, ¶ 10. There, the defendant was apprehended based on his proximity to the initial reported disturbance, the fact that another juvenile was

5

already found to be carrying a concealed weapon in the area, together with the facts the he was dressed in gang-attire and whistled a gang-whistle. *Id.* Again we concluded that individualized suspicion was lacking absent some evidence connecting the defendant to the initial reported disturbance. *Id.* ¶ 11.

The facts of this case have characteristics remarkably similar to both *Jones* and *Eli L.*, which leads us to the conclusion that there was no particularized suspicion as to Mr. Garcia. For example, the district court concluded that the purpose of the dispatch contributed to the totality of the circumstances justifying the stop. However, as noted in *Eli L.*, the purpose of a dispatch, even together with other association-based factors such as proximity, does not create a particularized suspicion absent some indication that a defendant is involved in a particular crime. *Id.* ¶ 13.

The remaining facts relied on by the district court also require inferences based on mere proximity or association. For example, Officer Camacho testified that based on his experience, underage party-goers flee when police arrive. However, he articulated only a generalized suspicion with respect to Mr. Garcia based on mere association with other party-goers engaging in what appeared to be flight. Even assuming that vehicles leaving the parking lot could be engaged in some crime, pursuant to *Jones,* this is insufficient to have connected Mr. Garcia to any particular

crime. We see no difference between this type of association-based suspicion and the type rejected in *Jones*.

**CONCLUSION**

For the foregoing reasons, we reverse the district court's denial of Mr. Garcia's motion to suppress evidence, vacate his conviction, and remand to the district court for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**I CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

**CELIA FOY CASTILLO, Judge, dissenting**